TDM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMAD MANSOORI, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 11 CV 1320 |
| | ) | |
| v. | ) | Honorable Charles R. Norgle |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Mohammad Mansoori's Motion Requesting a Hearing and Ruling on Motions (Doc. Nos. 39–45) Pending Before this Court Since 03 April 2015 [48] is granted in part and denied in part. Petitioner's Motion Seeking Relief from the District Court's Order and Judgment (Doc. Nos. 8 and 9) Dismissing the Movant's 28 U.S.C. § 2255 Motion, Submitted Pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6) [40] is denied. Petitioner's Request for Discovery Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings in the United States District Courts [42] is denied as moot. Petitioner's Request for an Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts [44] is denied as moot. Petitioner's Motion for the Disclosure of Select Grand Jury Proceedings Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i) Preliminarily to or in Connection with the Movant's Underlying 28 U.S.C. § 2255 Proceedings [53] is denied as moot. The case is terminated.

## STATEMENT

Before the Court are a group of motions and requests by Petitioner Mohammad Mansoori ("Petitioner"), which collectively ask the Court to vacate the Court's September 29, 2011 Order denying Petitioner post-conviction relief under 28 U.S.C. § 2255. For the following reasons, Petitioner's motions and requests are denied.

Throughout the 1990s, Petitioner led a group that sold guns and drugs to a major Chicago street gang. On April 13, 1998, Petitioner was convicted by a jury and on September 23, 1999, he was sentenced to two consecutive life sentences by the judge originally assigned to the case. Petitioner challenged his conviction and sentence via a direct appeal, arguing that his sentence was unsupported by the indictment and conviction, which did not specify the quantity of drugs involved in the crime. See United States v. Mansoori, 304 F.3d 625 (7th Cir. 2002); 21 U.S.C. § 841(b)(1)(A) (requiring the offense to involve at least five kilograms of cocaine before the offender is eligible for a life sentence). The Seventh Circuit affirmed his life sentences, holding that, while the district court erred in imposing a life sentence under a conviction that did not prove the quantity of drugs, see Apprendi v. New Jersey, 530 U.S. 466 (2000), the issue had not been raised on appeal (and thus waived), and the error was not plain, because "the trial evidence

readily confirms the trial court's finding that the defendants who received life terms were responsible for the distribution of at least 150 kilograms of cocaine." Mansoori, 304 F.3d at 658. The Seventh Circuit did find that the district court erred regarding the community restitution and special assessment aspects of Petitioner's sentence, however, and ordered a limited remand. After the district court vacated the community restitution provision of his sentence and lowered his per-count special assessment fee from $100 to $50, Petitioner appealed his revised sentence on April 13, 2004, again challenging the length of his prison sentence.

While Petitioner's second direct appeal was pending, the Supreme Court held that the sentencing guidelines were advisory, not mandatory, and as a result, relevant conduct to support a sentence did not have to be proven beyond a reasonable doubt. See United States v. Booker, 543 U.S. 220, 259 (2005). Because of the Booker holding, the Seventh Circuit ordered another limited remand for the district court to decide whether it would have imposed the life sentences on Petitioner if the applicable guidelines were advisory, not mandatory. See United States v. Mansoori, 480 F.3d 514 (7th Cir. 2007). The district court confirmed that it would have imposed the life sentences if the guidelines were advisory, and Petitioner appealed again, challenging the reasonableness of the sentence. The Seventh Circuit affirmed his sentence on March 20, 2008, see United States v. Mansoori, 270 F. App'x 439 (7th Cir. 2008); Petitioner did not subsequently petition the Supreme Court for *certiorari*.

Instead, Petitioner filed a *habeas* petition on February 24, 2011, pursuant to 28 U.S.C. § 2255, arguing that the Court had no jurisdiction to hear his criminal case because the related indictment did not contain all of the elements of his offense—it did not have the quantity of drugs for which he was sentenced. The Government responded, stating that his Section 2255 petition was untimely because it was not filed within one year of the final disposition of his case, June 20, 2008. See 28 U.S.C. § 2255(f). Although Petitioner responded to the Government's timeliness argument, the original judge did not discuss his argument when it denied his petition as untimely.

Petitioner next filed a motion for reconsideration, arguing that the statute of limitations is inapplicable because his petition was for a jurisdictional challenge. The district court denied Petitioner's motion on April 13, 2012, finding that, notwithstanding the motion's framing, his petition did not involve the district court's subject matter jurisdiction, only the defect in the indictment regarding the drug quantity. Petitioner then filed for certificates of appealability with both the district court and the Seventh Circuit, which were denied on May 23, 2012 and December 13, 2012, respectively.

On September 13, 2013, Petitioner filed another motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6), which repeated his previous arguments that the indictment did not state an offense against the United States, and that, given the indictment's failure to include the quantity of drugs at issue, Petitioner could not be sentenced to life in prison. On September 17, 2013, this matter was reassigned here. The Court subsequently denied this motion as well, concluding that this motion, like the three preceding it, was simply a further attempt at obtaining post-conviction relief, which had already been denied.

On April 3, 2015, Petitioner filed the instant motions—to which the Court will refer singularly—in a third attempt to vacate the Court's 2011 ruling that denied his original Section 2255 motion. Petitioner makes his motion under two paragraphs of Rule 60(b): 60(b)(4) and 60(b)(6). In the part of his motion that requests relief under Rule 60(b)(4), Petitioner argues that his due process rights were violated—thus voiding the underlying denial of his § 2255 petition— because the district court did not discuss, in writing, his argument that the statute of limitations in

2

§ 2255(f) should be tolled. On August 27, 2015, Petitioner filed a motion requesting a ruling and an evidentiary hearing on his April 3, 2015 motions, and on October 30, 2015, Petitioner filed an additional motion seeking the disclose of certain grand jury proceedings. The April, August, and October motions are all presently before the Court.

Petitioner correctly argues that a judgment is void "if 'the court that rendered the judgment acted in a manner inconsistent with due process of law.'" See Price v. Wyeth Holdings Corp., 505 F.3d 624, 631 (7th Cir. 2007) (quoting United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply, 55 F.3d 1311, 1316 (7th Cir. 1995)). But Petitioner does not cite any authority supporting the contention that due process is violated unless a federal district court discusses, within the opinion, every argument raised by the parties. Rather, he cites only to a pair of Tenth Circuit cases that merely ordered remands for the district court to adjudicate the offenders' Rule 60(b) motions. See Peach v. United States, 468 F.3d 1269, 1271-72 (10th Cir. 2006) (citing Spitznas v. Boone, 464 F.3d 1213, 1225 (10th Cir. 2006)). Neither case actually held that a court's failure to discuss an argument is grounds for vacatur.

Notwithstanding Petitioner's cited cases, the Court is unaware of <u>any</u> case law in the Seventh Circuit or otherwise that allows litigants to use Rule 60(b) to vacate a judgment because the Court did not state its reasoning in rejecting the litigant's argument. Indeed, language from various Supreme Court cases indicates that the district court is under no obligation to provide a reason for its decision. See, e.g., Taylor v. McKeithen, 407 U.S. 191, 194 n.4 (1972) ("We, of course, agree that the courts of appeals should have wide latitude in their decisions of <u>whether</u> or how <u>to write opinions</u>.") (emphasis added); Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 472 (1981) ("Judges often decide difficult and important cases without explaining their reasons, and I would not suggest that they thereby commit constitutional error.") (Stevens, J., dissenting on unrelated grounds). In any event, however, the argument is waived—it is not the Court's job to argue parties' points for them. See, e.g., Fabriko Acquisition Corp. v. Prokos, 536 F.3d 605, 609 (7th Cir. 2008) ("Nor does [the plaintiff] present any caselaw supporting its theory. It is not the job of [the] court to develop arguments for [litigants]."); see also United States v. Alden, 527 F.3d 653, 664 (7th Cir. 2008) ("Because it is not the obligation of this Court to research and construct the legal arguments available to parties, . . . these arguments are waived and warrant no discussion."); United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We have repeatedly made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority are waived . . . .").

Petitioner also argues that the Court's 2011 order denying his § 2255 petition should be vacated pursuant to Rule 60(b)(6), which allows the Court to vacate an order for "any other reason that justifies relief." Specifically, Petitioner contends that the district court incorrectly considered the limitations period in § 2255(f) to be jurisdictional in nature, rather than an affirmative defense. Essentially, Petitioner argues that the Court made a mistake of law in its earlier ruling. This mistake-of-law argument is properly grounded in paragraph (1) of Rule 60. See Fed. R. Civ. P. 60(b)(1) ("[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."). Without discussing whether § 2255(f) is in fact jurisdictional in nature, the Court finds that it is itself without jurisdiction to hear arguments made pursuant to Rule 60(b)(1) because Petitioner's instant motion was not made within one year of the underlying judgment. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within . . . no more than a year after the entry of the judgment or order or the date of the proceeding"); Arrieta v.

3

Battaglia, 461 F.3d 861, 864 (7th Cir. 2006) ("This time limit [Rule 60(c)(1)] is jurisdictional and cannot be extended.").

     A litigant cannot make a motion to vacate a judgment under paragraph (6) if one of the other paragraphs applies. See Wesco Prods. Co. v. Alloy Automotive Co., 880 F.2d 981, 983 (7th Cir. 1989) (holding that litigant cannot use paragraph (6) as an end run around the one-year limit imposed on reviewing mistakes in a final judgment). Aside from the district court's alleged error in not explaining the decision to Petitioner's satisfaction, Petitioner does not state any other grounds that could provide him with relief under Rule 60(b)(6). Accordingly, the Court denies Petitioner's motion with respect to Rule 60(b)(6).

     As evidenced by this Order, the Court grants Petitioner's motion for a ruling on his April 2015 motions. As there are no material facts in dispute, the Court denies Petitioner's request for an evidentiary ruling. In sum, Petioner Petitioner is not entitled to post-judgment relief, whether under Rule 60(b)(4) or 60(b)(6). The Court did not commit any due process violations when it declined to discuss Petitioner's tolling argument. In addition, Petitioner is jurisdictionally barred from raising any mistake-of-law arguments because he filed this motion more than one year after the Court denied his original § 2255 petition. Accordingly, Petitioner's April 2015 motions are denied. Petitioner's request for the disclosure of certain grand jury proceedings is denied as moot. The case is terminated.

IT IS SO ORDERED

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

Date: January 13, 2016